# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

913 MARKET, LLC,       )
                               )
       Plaintiff,       )
                               )
       v.           )    C.A. No. N16C-11-149 JAP
                               )
KAMAL BATHLA,      )
                               )
       Defendant.     )

## MEMORANDUM OPINION

This is a dispute over which party to a failed real estate transaction is entitled to the purchaser's deposit. Defendant Bathla agreed to purchase 913 Market Street in Wilmington, Delaware from Plaintiff and made a $118,000 deposit. Closing on the transaction never took place, and the seller, 913 Market LLC, filed a breach of contract claim seeking the deposit as liquidated damages because of Bathla's failure to settle. Bathla claims he was not obligated to close on the property because the title insurance offered to him contained an exception for a potential *lis pendens* lien. Bathla has filed a motion to dismiss or, in the alternative, a motion for judgment on the pleadings. The issue presented is

whether the exception in Bathla's title insurance excused his failure to close on the property.

*Background*

This story begins with a June, 2016 auction sale of 913 Market Street. The high bidder at the auction was InvestUSA, which bid $1,200,000. 913 Market and InvestUSA agreed to a July 15, 2016 closing, but for reasons not apparent here, InvestUSA failed to close on the property. Bathla was the second highest bidder, and a few days after InvestUSA failed to close, Bathla and 913 Market entered into the sale agreement which gives rise to this lawsuit. The 913 Market-Bathla agreement called for a closing on September 19, 2016.

The dispute arises from an exception in the title insurance commitment issued to Bathla by First American Title Insurance Company.[1] In the title insurance policy delivered to Bathla by First American, the insurer excepted any claim InvestUSA may have against the property:

---

[1] In his motion Bathla asserted that transactional counsel for the seller delivered the policy to him. (Motion, ¶8). The attachments to Bathla's motion show, however, that the policy was issued directly to Bathla by First American and that the Seller played no role in delivering the policy to Bathla. Bathla's counsel conceded at oral argument that the assertion in the motion that counsel for the Seller delivered the policy to Bathla is incorrect.

2

> This Policy does not insure against loss or damage, and the Company will not pay costs, attorneys fees, or expenses that arise by reason of any rights, title and interest in the subject property by InvestUSA Holding Enterprises LLC . . . under the Ten-X Contract dated June 15, 2016 . . . and any claims related in any way to it as well.

Because the closing did not take place between 913 Market and Bathla on September 19, 2016, as noted in the 913 Market-Bathla agreement, 913 Market now seeks the deposit paid by Bathla as liquidated damages.

*Analysis*

Bathla's obligation to close on the agreement must be determined solely on the basis of the terms of that agreement. The Purchase and Sale Agreement contains a strongly worded integration clause which provides:

> This Agreement and the items incorporated herein contain all the agreements of the parties hereto with respect to the matters contained herein; and no prior agreement or understanding pertaining to any such matter shall be effective for any purpose. No provisions of this Agreement may be amended or modified in any manner whatsoever except by an agreement in writing signed by duly authorized officers or representatives of each of the parties hereto.[2]

---

[2] Purchase and Sale Agreement, ¶8.

Bathla does not contend there is any "agreement in writing" beyond the Purchase and Sale Agreement, and, accordingly, the court's inquiry is limited to that agreement.

The conditions precedent to Bathla's obligation to purchase the property are set out in paragraph 4.1 of the agreement.[3] There are two conditions precedent. The key one here is:

> Title to the Property shall be subject only to the same exceptions as shown on Seller's title policy with the exception that the mortgage lien thereon shall be satisfied at Closing from the proceeds of sale.

Nowhere in the agreement is there any condition precedent relating to Bathla's title insurance. Thus, the fact that Bathla's title insurer, First American, excepted any *lis pendens* claim from coverage is of no significance when determining whether Bathla was obligated to close. What is significant is whether 913 Market was able to deliver title clear of all liens saved for exceptions in 913 Market's own title policy.

There was no *lis pendens* lien on the property as of the date of the closing. In 1989 the Delaware general Assembly repealed the common law doctrine of *lis pendens* and substituted a statutory

---

[3] Paragraph 4.1 begins "Buyer's obligation to purchase the property shall be conditioned upon the fulfillment of the following conditions precedent."

scheme in its place. This scheme is the exclusive way to obtain a *lis pendens* lien. Section 1614 of title 25 provides "no action instituted after June 29, 1989, shall constitute constructive notice to any person unless notice of such action complies with the requirements of this chapter." In order to obtain a lien, the claimant must file a notice containing certain specified information in the office of the Recorder of Deeds.[4] That office is obligated to file and index the notice and must indicate on it the date and time of filing.[5] Critically, the statute provides that "[u]nless and until a notice of pendency is filed as provided by this chapter, no action shall, before final judgment is entered therein, be deemed to be constructive notice to a person acquiring or having acquired a lien on or any other interest in the affected real estate."

Bathla does not contend that, as of the date of the closing, InvestUSA had filed the notice required for a *lis pendens* lien with the Recorder of Deeds, and insofar as the court is aware, no such notice had been recorded. In other words, on the date of closing 913 Market was able to deliver clear title (as defined in agreement) to Bathla. The possibility that InvestUSA might file a *lis pendens*

---

[4] 25 *Del. C.* § 1601. The information required in the notice must be supplied under oath.
[5] *Id.* § 1602.

5

notice after closing is inconsequential. Had such a notice been filed after the closing it would have been ineffective against Bathla.

Finally, Bathla directs the court's attention to a September 16, 2016, action that 913 Market filed against InvestUSA. Bathla claims that allegations made by 913 Market in that action constitute a "judicial admission" that InvestUSA had a lien the property. Under these circumstances, allegations made by 913 Market against InvestUSA cannot, as a matter of law, bind it in this matter.[6] But even assuming the allegations in the *InvestUSA* matter could have some sort of preclusive effect, nothing in the complaint in that case amounts to an admission against 913 Market's interests in this matter. Rather than concede that InvestUSA had a lien or interest in the property at 913 Market Street, 913 Market alleged that InvestUSA had no such interest. Further, in this instance, the existence of a lien on the property is a question of law,

---

[6] Bathla cites *Merritt v. United Parcel Service*, 956 A.2d 1196 (Del. 2008) to support his contention that "judicial admissions" are binding upon the party making them. But *Merritt* involved admissions made by a party in the same action, whereas the ostensible admissions here were made in an entirely different action. *Merritt* therefore does not help Bathla. Though not mentioned in Bathla's motion, there are limited instances in which assertions made by a party in one action may constitute "judicial estoppel" against the same party in another suit. The doctrine applies "operates only where the litigant's [assertion] contradicts another position that the litigant previously took *and* that the Court was successfully induced to adopt in a judicial ruling." *Motorola, Inc. v. Amkor Tech., Inc.* 958 A.2d 852, 859–60 (Del. 2008) (emphasis in original). There is no suggestion that this court was persuaded to rely upon 913 Market's "admissions" in *InvestUSA* and therefore the doctrine of judicial estoppel does not apply here.

not fact. Thus, whatever admissions of fact 913 Market ostensibly made in its complaint against InvestUSA are of no significance to the issue now before the court.

Wherefore, Defendant's motion to dismiss or, alternatively judgment on the pleadings, is **DENIED.**

Dated:  April 26, 2017

          John A. Parkins, Jr.
          Superior Court Judge

oc:  Prothonotary

pc:  Charles J. Brown, III, Gellert Scali Busenkell & Brown, LLC, Wilmington, Delaware
Jeffrey M. Weiner, Esquire, Law Offices of Jeffrey M. Weiner, PA, Wilmington, Delaware

7